UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RYAN BOARD #766060,　　　　　　　　　　　Case No. 2:20-cv-00182

　　　　Plaintiff,　　　　　　　　　　　　　　　　Hon.  Paul L. Maloney
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge

v.

UNKNOWN KEEFER,

　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　　/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Report and Recommendation (R&R) addresses Plaintiff's failure to serve Defendant with a summons and complaint.

This is a civil rights action brought by state prisoner Ryan Board pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Board named Defendant Corrections Officer (CO) Keefer in his complaint.  Board filed his complaint on September 25, 2020.  (*Id*.)  On October 22, 2020, Board paid the filing fee of $400.00.  The case was stayed and referred to early mediation.  After the mediation was unsuccessful the stay was lifted, and Board was provided a summons to serve CO Keefer with the complaint.  (ECF Nos. 9 and 10.)  Board was informed that it was his responsibility to serve the summons and complaint and that he had 90 days to perfect service beginning July 19, 2021.  (ECF No. 9, PageID.32.)  More than 90 days have passed, and Board has

1

not served a summons and complaint on CO Keefer.   The summons that was issued to Board, has now expired.   (ECF No. 10.)

It is well settled that the Court has inherent authority to dismiss *sua sponte* an action for failure to prosecute.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).   Upon a plaintiff's failure to serve a defendant within 90 days after filing the complaint, the Court must, after providing notice to the plaintiff, dismiss the action without prejudice.   Fed. R. Civ. P. 4(m).   Where a plaintiff establishes good cause for the failure to serve a complaint on a defendant, the Court must extend the time for service.   (*Id.*)   At this point, Board has not shown good cause for his failure to serve the complaint on CO Keefer and to prosecute this action.

## II.  Recommendation

It is respectfully, recommended that the Court dismiss this case without prejudice for failure to prosecute unless Board shows good cause for his failure to serve Defendant CO Keefer within the objection period of this R&R.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    October 29, 2021                                              /s/ *Maarten Vermaat*
                                                                                      MAARTEN VERMAAT
                                                                                      U.S. MAGISTRATE JUDGE